# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION
### Case Number: 1:18-cv–00925

WANDA AMONS, on behalf of  )
herself and all others similarly  )
situated,  )
                              )
          Plaintiff,  )
                              )
vs.  )        **COMPLAINT -- CLASS ACTION**
                              )
DATAMAX CORPORATION,  )
                              )
          Defendant.  )

## I.    INTRODUCTION

1.    This action is brought by Plaintiff Wanda Amons, on behalf of herself and all others similarly situated, for statutory damages against Defendant Datamax Corporation, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and requires the communication of specific statutory rights.

2.    As shown below, Defendant's form collection letter fails to adequately disclose to consumers the consequences of failing to exercise certain statutory rights

Page 1

– a disclosure that the FDCPA requires it to provide to consumers. Defendant modified the language to expand the scope of the effect on the consumer that results from not exercising those rights.

## II. JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

## III. PARTIES

4. Plaintiff Wanda Amons is an individual who resides in Durham, North Carolina.

5. Ms. Amons is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Datamax Corporation is a corporation and collection agency located in Winston-Salem, North Carolina

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

8. Defendant regularly attempts to collect consumer debts alleged to be due to another.

9. Defendant engages, directly or indirectly, in debt collection from consumers.

10. Defendant holds a collection agency permit from the North Carolina Department of Insurance, as required by N.C.Gen.Stat. § 58-70-1.

11. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

12. Ms. Amons had electrical service provided by Duke Energy Progress.

13. Ms. Amons allegedly owed a past-due balance to Duke Energy Progress ("the Debt").

14. The Debt was incurred for personal, family, or household purchases; *i.e.*, electrical service for her residence.

15. The Debt entered default.

16. Duke Energy Progress referred the Debt to Defendant to attempt to collect the Debt.

17. The Debt entered default prior to when Duke Energy Progress referred it to Defendant.

18. Duke Energy Progress requested Defendant to attempt to collect the Debt.

19. The Debt entered default prior to when Duke Energy Progress requested Defendant to attempt to collect it.

20. By correspondence dated March 7, 2018, Defendant arranged for the preparation and transmittal of a letter to Ms. Amons at her residence in an attempt to collect the Debt. A copy of Defendant's March 7, 2018, letter to Ms. Amons is attached hereto as <u>Exhibit A</u>.

21. <u>Exhibit A</u> refers to Duke Energy Progress at the top of the letter.

22. <u>Exhibit A</u> contains :

Dear WANDA AMONS:

\*\*\*

Your $ 102.04 balance with DUKE ENERGY PROGRESS (P) is past due and has been sent to our office for assistance.

\*\*\*

Federal law requires that we inform you that unless you, within 30 days after receiving this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid.

*See* Exhibit A.

23. Exhibit A was the initial communication from Defendant to Ms. Amons regarding the Debt.

24. Exhibit A was sent in an attempt to collect the Debt.

25. Defendant did not send any additional, written communications to Ms. Amons regarding the Debt within five days of sending Exhibit A.

26. "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

27. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

28. Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

29. Section 1692g(a) expressly requires all debt collectors to communicate five pieces of information to every consumer.

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to

> be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a); *see Clark v. Absolute Collection Serv.*, 741 F.3d 487, 490 (4th Cir. 2014). "Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991).

30. "By including the term 'by the debt collector,' § 1692g(a)(3) expressly intended the notice to convey the specific validation limitation to the consumer. In other words, the statute intended the consumer to receive the message that the debt would be assumed valid by only the debt collector and only for collection purposes." *Orr v. Westport Recovery Corp.*, 941 F.Supp.2d 1377, 1381 (N.D.Ga. 2013).

31. <u>Exhibit A</u> does not state who will assume the debt is valid. Instead, it

Page 7

Case 1:18-cv-00925-UA-JEP   Document 1   Filed 11/05/18   Page 7 of 13

states that the Debt "will be assumed to be valid." By whom? Everyone? The creditor? By the Defendant? Defendant does not tell the least sophisticated consumer.

32. Based on the content of other letters it has sent, Defendant is aware of the requirement to disclose that it will assume the debt to be valid. Yet, in <u>Exhibit A</u>, Defendant simply removed any limiting language regarding the assumption of validity. Indeed, it did not even attempt to convey to consumers that it would be the only person or entity to assume the debt is valid.

33. In <u>Exhibit A</u> Defendant did not use its name or any indicative phrase, such as "will be assumed valid by us" or "we will assume the debt is valid," to indicate who will assume the debt to be valid.

34. "A number of courts have concluded that *omitting* the phrase 'debt collector' in a debt collection notice could mislead the least-sophisticated consumer and violate the FDCPA. [citing nine cases]." *Iyamu v. Clarfield, Okon, Salomone & Pincus, P.L.*, 950 F.Supp.2d 1271,1273-74 (S.D.Fla. 2013) (emphasis in original). "These courts conclude the phrase "debt collector' serves an important and meaningful purpose in a debt collection notice by conveying the specific entity that

Page 8

is entitled to assume a debtor's debt is valid for purposes of collection." *Id.* at 1274.

35. That the FDCPA places an affirmative duty upon debt collectors to adequately convey those important rights to the least sophisticated consumer makes Defendant's violation particularly egregious.

36. Plaintiff demands a trial by jury over all claims.

## V. **DEFENDANT'S POLICIES AND PRACTICES**

37. It is the standard policy and practice of Defendant to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

38. It is the standard policy and practice of Defendant to fail to inform consumers that only the debt collector will assume the debt is valid.

## VI. **CLASS ACTION ALLEGATIONS**

39. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from Datamax Corporation in the form of <u>Exhibit A</u> (iii) to recover a debt (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-

year prior to the filing of this Complaint through the date of class certification.

40. The class is so numerous that joinder of all members is impractical. *See* Fed.R.Civ.P. 23(a)(1).

41. Defendant sent letters in the form of <u>Exhibit A</u> to more than 50 persons with addresses in the state of North Carolina to recover a debt incurred for personal, family, or household purposes which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through the date that this Complaint was filed.

42. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. *See* Fed.R.Civ.P. 23(a)(2). The principal issue is whether Defendant violated the FDCPA by:

      A) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10); and

      B) failing to inform consumers that only the debt collector will assume the debt is valid, in violation of 15 U.S.C. § 1692g(a)(3).

43. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial

inspection of Defendant's records.

44. Plaintiff will fairly and adequately protect the interests of the class. She has no interests that are contrary to those of the class members. *See* Fed.R.Civ.P. 23(a)(4).

45. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices. *See* Fed.R.Civ.P. 23(a)(4).

46. The questions of law and fact common to the class predominate over any issues involving only individual class members. *See* Fed.R.Civ.P. 23(b)(3). Indeed, the principal issue is whether Defendant's letter in the form of Exhibit A violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

47. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. *See* Fed.R.Civ.P. 23(a)(3).

48. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum

statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, *e.g.*, for securities fraud.

## VII. COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

50. Defendant's violations of the FDCPA include, but are not limited to:

   A) using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10); and

   B) failing to inform consumers that only the debt collector will assume the debt is valid, in violation of 15 U.S.C. § 1692g(a)(3).

51. As a result of Defendant's violations of the FDCPA, Plaintiff and the class members are entitled to an award of statutory damages, costs, and reasonable attorney fees.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Wanda Amons requests that judgment be entered in her favor and in favor of the class against Defendant Datamax Corporation for:

   A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For such other relief as the Court may find to be just and proper.

November 5, 2018

/s/ Craig M. Shapiro
Craig M Shapiro
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Rd Ste D
Durham, North Carolina 27705
Telephone: (919) 286-1695
Fax: (919) 286-2704
Email: cshapiro@johnorcutt.com
State Bar No. 48887

ATTORNEY FOR PLAINTIFF WANDA AMONS